USDC SCAN INDEX SHEET










KAT   3/19/04   12:44
2:04-M -08214   USA V. DARR
*6*
*CRODET.*

```
                                    FILED
                                    MAR 17 2004
                                    CLERK, U.S. DISTRICT COURT
                                    SOUTHERN DISTRICT OF CALIFORNIA
                                    BY              DEPUTY
```

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Magistrate Case No. 04mg8214 |
| Plaintiff, | ) | |
| v. | ) | FINDINGS OF FACT AND ORDER OF DETENTION |
| (1) Michael Anthony DARR, | ) | |
| Defendant. | ) | |

In accordance with § 3142(f) of the Bail Reform Act of 1984 (18 U.S.C. § 3141 et seq.), a detention hearing was held on March 16, 2004, to determine whether defendant Michael Anthony DARR should be held in custody pending trial on the grounds that he is a flight risk. Assistant U. S. Attorney Peter C. Lewis appeared on behalf of the United States, court appointed attorney Brian Funk, appeared on behalf of the Defendant.

Based on the evidence proffered by the United States and the Defendant, the pretrial services report, and the criminal complaint issued against the Defendant on March 12, 2004, by this Court, the Court concludes that the following facts establish by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the Defendant required.

\\

\\

\\

PCL:jmg:Imperial
03/16/04



# I

# FINDINGS OF FACT.

A. Nature and Circumstances of the Offense Charged (18 U.S.C. §3142(G)(1)

1. The Defendant is charged in Criminal Complaint No. 04mg8214 with the importation of 551.57 kilograms (1,213.45 pounds) of marijuana in violation of 21 U.S.C. § 952 and 960. Therefore probable cause exists to believe the Defendant committed the charged offense.

2. The charged offense is an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C.§ 801 et seq.). See 21 U.S.C. § 841(b)(1)(A). Thus, there arises a presumption that no condition or combination of conditions will reasonably assure the appearance of the Defendant as required. See 18 U.S.C. § 3142(e).

3. The offense carries a minimum mandatory 5 year sentence and a maximum sentence to 40 years. According to the United States Sentencing Guidelines, the Base Offense level is 28 See USSG § 2D1.1. Assuming the Defendant's criminal history score places him in Criminal History Category I, see USSG § 4A1.1, the sentencing range for the Defendant is 78-97 months in prison.

B. Weight of the Evidence Against the Defendant (18 U.S.C. § 3142(g)(2):

1. The weight of the evidence against the Defendant is strong. On March 11, 2004, Border Patrol Agents in the east dunes area of Imperial County spotted SUV's entering the U. S. illegally from Mexico. DARR was the driver of a 2004 Chevrolet Tahoe and co-defendant, Arturo GONZALEZ, the driver of a stolen 1999 Chevrolet Suburban. A stop was conducted on both vehicles by ICE Agents. Subsequent search of the Tahoe (DARR's) revealed 331 kilograms (728 pounds) of marijuana. Inspection of GONZALEZ' Suburban revealed 221 kilograms (487 pounds) of marijuana. In a post arrest statement with Agents, Defendant admitted knowledge of smuggling narcotics into the United States.

C. History and Characteristics of the Defendant (18 U.S.C. § 3142(G)(3):

1. The Defendant is a United States Citizen.
2. The Defendant resides in Algodones, Baja California, Mexico.
3. The Defendant has family residing in Mexico.

\\
\\

D.  Nature and Seriousness of Danger Posed by Release (18 U.S.C. § 3142(g)(4)

   1.  Other than that the charged crime is a drug trafficking offense, there is nothing to suggest that release of the Defendant would pose a danger to any person or the community.

## II

## REASONS FOR DETENTION

A.  There is probable cause to believe that the Defendant committed the offense charged in Criminal Complaint No. 04mg8214 namely the importation of 551.57 kilograms (1,213.45 pounds) of marijuana into the United States in violation of 21 U.S.C. § 952 and 960.

B.  The Defendant faces a substantial period of time in custody if convicted of the offense charged in the Complaint. He therefore has a strong motive to flee.

C.  The Defendant has not rebutted the presumption, based upon the Court's findings that there is probable cause to believe that the Defendant committed an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801 et seq.), that no condition or combination of conditions will reasonably assure the appearance of the Defendant at future court proceedings.

## II

## ORDER

IT IS HEREBY ORDERED that the Defendant be detained pending trial in this matter.

IT IS FURTHER ORDERED that the Defendant be committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

\\
\\
\\
\\
\\
\\

While in custody, upon order of a court of the United States or upon the request of an attorney for the United States, the person in charge of the correctional facility shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding or any other appearance stipulated to by defense and government counsel.

THIS ORDER IS ENTERED WITHOUT PREJUDICE.

IT IS SO ORDERED.

DATED: 3/17/04

ROGER T. BENITEZ
UNITED STATES MAGISTRATE JUDGE

Prepared by:

CAROL C. LAM
United States Attorney

Peter C. Lewis
Assistant U. S. Attorney

cc: Brian Funk
    Attorney-at-Law

4